UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LAUREN IVISON, INDIVIDUALLY,
    Plaintiff,

v.

NEW ENGLAND CRYOGENIC CENTER,
INC.,
    Defendant.

C.A. No. 1:23-cv-11169-BEM

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, New England Cryogenic Center, Inc. ("NECC"), hereby respectfully moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment. As grounds for this motion, the Defendant states there are no genuine issues of material fact and is entitled to judgment as a matter of law.

As described more fully in the accompanying Memorandum of Law and Statement of Facts with supporting exhibits, filed simultaneously herewith pursuant to Local Rules 7.1(b)(1) and 56.1, this action is premised on the loss and destruction of three of plaintiff's cryopreserved oocytes during their thaw at Conceptions Reproduction in Colorado in May of 2020. The defendant, NECC, is a cryogenic storage facility in Massachusetts that contracted with Extend Fertility (where plaintiff's oocytes had been retrieved and cryopreserved) to provide long term cryogenic storage services to Extend, and, pursuant to that contract, stored and transported plaintiff's frozen oocytes.

As will be explained fully in the accompanying Memorandum of Law and Statement of Facts, NECC's storage and transport of plaintiff's oocytes was entirely appropriate and in compliance with all applicable rules and regulations and nothing NECC did or arguably failed to do caused or contributed to cause the loss of Plaintiff's oocytes. Rather, as plaintiff's expert even

1

concedes, the loss of plaintiff's oocytes was more likely than not caused by the thaw at Conceptions or the cryopreservations at Extend, both of which NECC had no involvement in. Further, there is no evidence of any breach of contract by NECC or any fraudulent representation by NECC, with the plaintiff having also confirmed that she did not rely on anything said by or about NECC when she decided to proceed with Extend. The damages sought by plaintiff, which primarily are emotional distress, are, in any event, not recoverable as a matter of law and which plaintiff is also otherwise contractually precluded from seeking and recovering from NECC. As such, there are no material issues of fact as there is no evidence from which NECC could be found liable to plaintiff for the loss or destruction of her oocytes.

WHEREFORE, defendant, New England Cryogenic Center, Inc., respectfully requests that its Motion for Summary Judgment be ALLOWED.

Respectfully submitted,
New England Cryogenic Center, Inc.,
By Its Attorney,

/s/ *Kimberly Iverson Tufo*

_____
Kimberly Iverson Tufo, BBO #686062
kiversontufo@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:  617-439-7500

2

104307547.v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.
Dated: May 16, 2025

Respectfully submitted,
New England Cryogenic Center, Inc.,
By Its Attorney,

/s/ *Kimberly Iverson Tufo*

_____

Kimberly Iverson Tufo, BBO #686062
kiversontufo@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:  617-439-7500

104307547.v1